UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA TORRES,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>  Defendant. | Case No.: 16cv2791-JLS (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Melissa Torres's Motion to Proceed *In Forma Pauperis* ("IFP Mot."). (ECF No. 2.) Plaintiff has filed an action requesting that this Court review and reverse the Social Security Administration's ("SSA") denial of benefits. (Compl. 1, ECF No. 1.)

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party

submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that her sole source of income is from disability payments in the amount of $800 a month. (IFP Mot. 2.) Plaintiff is not employed, nor has she been for the past two years, and Plaintiff has no cash or other assets. (*Id.* at 2–3.) Plaintiff estimates her monthly expenses to be $358, and notes that her monthly income from disability payments is "about to stop . . . ." (*Id.* at 5.) Given the foregoing, the Court concludes that Plaintiff's application demonstrates she is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

### Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In social security appeals, a complaint challenging the denial of benefits "must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief." *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why, and instead simply recited the general

///
///
///

standards governing review of that decision).[1] "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).

In the present case, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for disability benefits. (Compl. at 1.) However, Plaintiff states only the following regarding her claim:

> I request review of my claim for Social Security disability benefits. The administrative law judge issued a decision dated July 1, 2015 denying my claim. The Social Security Administration Appeals Council denied my request for review of the administrative law judge's decision by notice dated September 7, 2016. My social security number is . . . .

(Compl. at 1.) As set forth above, this statement insufficient to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The *Montoya* court listed the requirements for social security appeal complaints: (1) Plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action commenced within 60 days after notice of final decision; (2) the complaint must list the judicial district in which the Plaintiff resides; (3) the complaint must state how Plaintiff is disabled and when Plaintiff became disabled; and (4) the complaint must contain a short and plain statement that identifies why the Plaintiff disagrees with the Commissioner's determination and show that the Plaintiff is entitled to relief. 2016 WL 890922, at *2.

# CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 2), and;

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint within <u>forty-five days</u> of the date on which this Order is electronically docketed. *Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated: March 20, 2017

*[signature]*
Hon. Janis L. Sammartino
United States District Judge